sides, he has an interest in it; he may not obtain a discharge; in that event the property becomes his, subject to such liability as may have attached to it.

The next question is, did the sheriff, after the commencement of proceedings in bankruptcy, have a right to seize the property of the complainant surrendered, sell it, and apply the proceeds to the payment of the taxes and executions in his hands? We are not informed by the bill whether the judgments were enrolled, or not, or whether the executions were in the hands of the sheriff before the commencement of the proceedings in bankruptcy; upon the existence of one or other of these facts, a lien on any property for satisfaction would depend; but admitting that one or both did exist, the question remains, whether or not the sheriff had a right to make the seizure after the proceedings in bankruptcy had commenced. In the case of Pennington v. Lowenstein [Case No. 10,938], decided at Oxford a short time since, the court held that, when the levy was made before the commencement of bankruptcy proceedings, the possession and legal title being in the sheriff for the purpose of satisfying the process in his hands, he, as trustee, might go on and sell the property, unless enjoined from so doing. In such cases an injunction would not be granted, without a statement showing that a sale under such circumstances would be injurious to the general creditors, or to some one having a prior lien. When a levy has not been made before bankruptcy, no title to any specific property passes out of the bankrupt; only a general lien remained, which was liable to be defeated, and could only be rendered available by the aid of the court. The title to the property is held in abeyance by the proceedings in bankruptcy, and so soon as the assignee is appointed, it vests in him from the filing of the petition. The title, however, passes to him, subject to any lien, or incumbrance, which may then be upon it, which lien in such case can only be enforced through the agency of the bankrupt court.

Section 20 of the bankrupt act provides that "when a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt, after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct." This clearly gives the court jurisdiction of the subject matter, especially when taken in connection with the first and twenty-fifth sections. The first section confers full and ample powers on this court over the bankrupt, his estate, and all

persons and questions connected therewith, providing for the presentation and enforcement of the rights of all parties as they existed at the date of the bankruptcy; the object being to adjust and enforce all their conflicting interests in as summary and as short a time as may be. This power is absolutely necessary to attain the object of the law, as, between the creditors, none can complain so long as his interests are protected. The power of congress to establish "a uniform system of bankruptcy" throughout the United States, and, as a necessary consequence, all the jurisdiction and power to accomplish its object and purpose, is expressly granted by the constitution. It is difficult to conceive any motive in this court to assume jurisdiction under this law which does not belong to it, and is not necessary to the proper administration of the law, but it would be unfaithful to refuse the exercise of constitutional and necessary powers merely because it draws with it a heavy amount of labor. The bill not showing on its face that a lien had attached in favor of these judgment creditors when the petition was filed, the demurrer would, for this reason, be overruled; but on the supposition that such lien did exist, either by the enrolment of the judgment or the executions being in the hands of the sheriff, it does not appear from the bill that they had been levied at the time complainant filed his petition in bankruptcy. The commencement of proceedings in bankruptcy transferred to this court the jurisdiction over the bankrupt, his estate, and all parties and questions connected therewith, and operated as a supersedeas of the process in the hands of the sheriff, and an injunction against all other proceedings than such as might thereupon be had under the authority of this court, until the question of bankruptcy shall have been disposed of. Such being the case, the demurrer will be overruled, and the defendants allowed fifteen days in which to answer.

## Case No. 7,476.
### JONES v. LEAR.

## Case No. 7,477.
### JONES v. LLEWELLYN.